IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DISABLE RIGHTS NEW JERSEY**<br>210 South Broad Street, 3rd Floor<br>Trenton New Jersey 08608<br><br>Plaintiff,<br><br>v.<br><br>**ALLIANCE HC 11 LLC**<br>d/b/a **WOODLAND BEHAVIORAL AND NURSING CENTER**<br>99 Mulford Road<br>Andover, New Jersey 07821<br><br>Defendant. | Case No. 2:22-cv-01240<br><br>Judge: Brian R. Martinotti<br><br>Magistrate Judge: James B. Clark, III<br><br>**ORDER GRANTING PRELIMINARY INJUNCTION** |

**THIS MATTER** having been opened to the Court by Plaintiff Disability Rights New Jersey (Plaintiff or Disability Rights NJ), and by their undersigned attorneys, upon motion for an order granting preliminary injunction, based on the facts set forth in the Declarations of Gloria Jill Hoegel, Gwen Orlowski, Esq., Michael R. Brower, Esq., and Elena Kravitz, and the accompanying Memorandum of Law, and the Court having heard the argument of counsel,

**IT APPEARING TO THE COURT THAT**

1. Plaintiff is likely to succeed on the merits of its action; and

2. Plaintiff is currently sustaining and is at risk in the future of sustaining immediate and irreparable injury, including its inability to meet its federal statutory mandate to protect and advocate for the rights of individuals with disabilities at Woodland; and

3. The injuries suffered and to be suffered outweigh any harm that the relief will inflict upon the Defendant; and

4. The relief sought serves the public interest; and

5. The injuries being sustained by Plaintiff and which may be sustained in the future are irreparable because this Court has found that the injury and risk of injury is of the nature of a protection and advocacy's agency inability to meet its federal statutory mandate to protect and advocate for the rights of disabled people, such that there will be no adequate remedy in damages; and

6. The submission by Plaintiffs with respect to this motion, including the Declarations of Declarations of Gloria Jill Hoegel, Gwen Orlowski, Esq., Michael R. Brower, Esq., and Elena Kravitz, as well as the allegations made in Plaintiff Verified Complaint, have sufficiently demonstrated that the balance of the equities favors Plaintiff;

7. Mr. Slocum of Lowenstein Sandler, LLP accepted e-mail service of process of the motion; and

8. Waiver of bond is appropriate because this case involves enforcement of important federal rights and public interests.

**IT IS**, on this 14th day of MARCH, 2022, **ORDERED** that Plaintiff's Application for Preliminary Injunction is **GRANTED**;

**IT IS FURTHER ORDERED THAT:**

Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, until the Court rules otherwise, Defendant Alliance HC 11 LLC d/b/a Woodland Nursing Home and Behavioral Center (Defendant), its officers, agents, servants, employees, and all those in privity or acting in concert with Defendant, be and hereby are preliminarily enjoined from directly or indirectly violating Plaintiff's rights under the Protection and Advocacy for Individuals with Mental Illness Act, the Protection and Advocacy for the Developmentally Disabled Act, and the Protection and Advocacy of Individual Rights Act, and Defendant is hereby ordered to:

1. Provide Plaintiff Disability Rights NJ reasonable unaccompanied access, including the ability to communicate privately and confidentially with individuals with disabilities, and to access their records at Woodland pursuant to the Disability Rights NJ's federal authority;

2. Provide Plaintiff Disability Rights NJ with reasonable unaccompanied access to the facility at Woodland, including access to persons with knowledge of alleged abuse and neglect at the facility;

3. Provide notice of this order to all administrators, employees and staff at Woodland;

4. Counsel for the parties shall notify the Court if any party fails to comply with this order; and

**IT IS FURTHER ORDERED THAT:**

1. No bond is required because this case involves enforcement of important federal rights and public interests; and

2. Counsel for the parties shall meet and confer and submit a proposed briefing schedule to the court on Plaintiff's Motion no later than __3__ days from the date of this order; and

3. In the event of any disagreement concerning the provisions of this Order or the parties' respective compliance therewith, counsel for the parties shall meet and confer in good faith prior to any application being submitted to the Court.

_____
**Hon. Brian R. Martinotti, U.S.D.J.**